*If this opinion indicates that it is "FOR PUBLICATION," it is subject to
revision until final publication in the Michigan Appeals Reports.*

# STATE OF MICHIGAN

# COURT OF APPEALS

PEOPLE OF THE STATE OF MICHIGAN,

Plaintiff-Appellant,

v

MATTHEW JAMES SEGURA,

Defendant-Appellee.

FOR PUBLICATION
August 31, 2023
9:05 a.m.

No. 362340
Chippewa Circuit Court
LC No. 22-016778-AR

Before: CAMERON, P.J., and K. F. KELLY and M. J. KELLY, JJ.

PER CURIAM.

In this interlocutory appeal, the prosecutor appeals by leave granted[1] the circuit court's order vacating defendant's sentence following his no-contest plea to one count of domestic violence, MCL 750.81(2), and remanding to the district court for resentencing. The issues in this case arose after defendant sought leave to appeal the district court's sentence on the basis of ineffective assistance of counsel. The circuit court granted the application and, without further briefing from the parties, granted defendant the relief he sought and remanded the case to the district court for resentencing. This remand order was entered after the circuit court granted defendant's motion for reconsideration of the court's earlier order dismissing his appeal for failure to file proof that that fee for the appeal had been tendered. Because defendant's motion for reconsideration lacked merit, the circuit court abused its discretion when it entered the order. Accordingly, we reverse and remand.

## I. BASIC FACTS AND PROCEDURAL HISTORY

On January 26, 2022, defendant pleaded no contest to one count of domestic violence, MCL 750.81(2). At the time the offense took place, defendant was already on probation for assault and battery and malicious destruction of property, which also made the domestic violence offense a probation violation. The plea agreement made between defendant and the prosecutor stipulated

---

[1] *People v Segura*, unpublished order of the Court of Appeals, entered November 1, 2022 (Docket No. 362340).

-1-

that defendant would be sentenced to serve 60 days. In accordance with that plea agreement, the district court sentenced defendant.

Soon after sentencing, defendant retained new counsel and, on February 16, 2022, filed an application for leave to appeal to the circuit court, arguing that his prior counsel rendered ineffective assistance of counsel at the sentencing hearing that affected the outcome of his sentence. More specifically, defendant contended that prior counsel pressured him to take the plea agreement and failed to give important information to the district court about the victim's "correspondence with the prosecuting attorney, the time [defendant] spent on tether, the money he spent to be on tether, [and] the jail credit he had." Defendant also filed in the circuit court a motion to stay his sentence pending the resolution of his appeal.

On March 16, 2022, the circuit court held a hearing regarding the motion to stay defendant's sentence pending appeal. During the hearing, the circuit court stated it was inclined to grant defendant's motion to stay, at which point, the parties and circuit court agreed that a bond was necessary. Defense counsel explained that in his previous bond, defendant had "report[ed] to Mr. Ferroni" each Monday before 8:00 a.m. for what appears to have been drug testing. Other conditions of the prior bond appeared to be that defendant "could not break any law or any unit of government," "shall report truthfully to Mr. Ferroni . . . any law enforcement contact," was "subject to any further testing upon demand of any law enforcement officer," would not leave Michigan, would "not get involved in any assaultive or threatening behavior," and would not possess "guns, no bombs, no weapons." Defendant had previously been on a tether as well.

The prosecutor stated that she had no "problem with the personal recognizance bond" so long as (1) a tether was imposed; (2) there was "test[ing] through the tethering department, so they can then monitor him once a week, whatever it may be"; and (3) "the other conditions that [defense counsel] proposed with the weapons and so on and so forth." The prosecutor also stated that she wanted the conditions in MCR 7.209(F)(2)[2] to be complied with as well, which defendant agreed

---

[2] It appears that the wrong court rule was referenced in this portion of the hearing. MCR 7.209(F)(2) governs bonds and stays of proceedings while appealing to *this Court*, whereas MCR 7.108(C)(2) governs bonds and stays of proceedings while appealing to the *circuit court*. Regardless, MCR 7.209(F)(2) and MCR 7.108(C)(2) involve substantively the same set of promises that must be made by a defendant.

In relevant part, MCR 7.108(C)(2) states:

(2) Bond Form and Content. If a bond is granted, the defendant must promise in writing:

(a) to prosecute the appeal to decision;

(b) if the sentence is one of incarceration, to surrender immediately to the county sheriff or as otherwise directed, if the judgment of sentence is affirmed on appeal or if the appeal is dismissed;

-2-

to comply with. Defendant, however, opposed the tether condition suggested by the prosecutor but agreed with the condition of testing with the tether department.

The circuit court agreed that the tether condition was unnecessary. The parties and circuit court also appeared to agree on testing with the tether department each Monday as well as random testing. Ultimately, the circuit court stated that it would grant the motion to stay and allow the prosecution to file a response to defendant's application for leave to appeal. Regarding the bond and order, defense counsel stated that she would "get the order to the court and then [defendant] will be required to come to my office immediately upon release to sign that [MCR] 7.209 and I will get that filed with the court."

It appears that, close to the conclusion of the hearing, defense counsel e-mailed a proposed order to the prosecutor and circuit court. Within one hour, the circuit court clerk e-mailed the parties the circuit court's signed written order. This order stated that defendant's personal recognizance bond was conditioned on testing at the Chippewa County Sheriff Department on Mondays, any random testing, and signing a bond-condition form. The written order was entered that same day.

The prosecutor immediately filed an objection to the written order, arguing that it failed to include the conditions agreed upon at the hearing. Although no formal order was apparently entered denying the prosecutor's objections, the court clerk sent an e-mail stating that the circuit court reviewed the prosecutor's objections "and determined that the order will remain as signed as the MCR 7.209(F)(2) conditions have been signed, filed, and served by the defense counsel."

On April 28, 2022, the circuit court granted defendant's application for leave to appeal; no other activity occurred, and defendant did not file an appeal brief. On May 23, 2022, the circuit court clerk filed a "Notice of Intent to Dismiss Appeal," which stated that defendant's appeal was "deficient" for failing to file "[p]roof that the appeal fee of the Trial Court has been tendered." Defendant's counsel responded by e-mailing the prosecution and circuit court, stating that "the prosecutor's answer was due on May 19th" and that she "had not been served."

---

(c) if the sentence is other than one of incarceration, to perform and comply with the judgment of sentence if it is affirmed on appeal or if the appeal is dismissed;

(d) to appear in the trial court if the case is remanded for retrial or further proceedings or if a conviction is reversed and retrial is allowed;

(e) to remain in Michigan unless the court gives written approval to leave;

(f) to notify the trial court clerk in writing of a change of address; and

(g) to comply with any other conditions imposed by law or the court.

The following day, the prosecutor filed a "Notice of Need to Comply with MCR 7.113(A)," arguing that defendant failed to file an appeal brief and failed to pay the necessary filing fees. According to the prosecutor, she intended to file a brief in response but was waiting for defendant's brief before doing so. Defendant responded, contending that the prosecutor lacked standing to file the notice and requested that the circuit court strike the prosecution's response. Defendant contended that he had complied with the applicable rules and filed an appeal brief at the same time the application for leave to appeal was filed.

On June 8, 2022, the circuit court entered an order dismissing defendant's appeal, stating that "[t]he appellant was sent a notice of deficiency on 05/24/2022 and did not remedy the deficiency within 14 days after the notice was served." Defendant moved for reconsideration,[3] arguing that he had complied with the applicable court rules and that the appeal had been erroneously dismissed. In the motion, defendant argued that the application for leave to appeal was filed under MCR 7.105 and, because the application was granted, the circuit court must have found "that the Court Rules have been satisfied." With respect to the issue of the filing fee, defendant argued that "[t]he Court Rule does not require any proof of a filing fee to be filed with the County Clerk's Office."

Without a hearing or further briefing from the parties, the circuit court granted defendant's motion, reasoning that, "[a]fter careful review and consideration of the matter, the Court grants Appellant's Motion for Reconsideration." Additionally, and again without any further briefing from the parties, the circuit court entered an order vacating defendant's sentence and remanding to the district court for resentencing. The order stated:

> Upon a careful and considered examination of the pleadings and Affidavit of Defendant/Appellant, the Court determines that there is merit to the Argument of Appeal in that the District Court may have imposed a different sentence if the Court considered the totality of information and circumstances contained in the basis for appeal.

> At resentencing the District Court will have an opportunity to consider the aforementioned information and may impose the same or a different sentence(s).

Curiously, the order also stated that the circuit court was "not in a position to make findings on Appellant's claim of ineffective assistance of counsel." This appeal followed.

## II. ANALYSIS

The prosecutor raises three issues on appeal. First, the prosecutor argues that the circuit court erred when it entered defendant's proposed order concerning the bond because it did not conform to the court's ruling made from the bench and was entered sua sponte over the

---

[3] Although defendant styled the motion as one for reconsideration, as will be explained below, it is more properly characterized as a motion to reinstate the appeal. See MCR 7.113(A)(2) ("Within 14 days after the date of the dismissal order, the appellant may move for reinstatement by showing mistake, inadvertence, or excusable neglect.").

prosecutor's objection in violation of the court rules. Second, the prosecutor argues the circuit court erred when it granted defendant's appeal and vacated his sentence, because the court did not allow the prosecutor to be heard regarding the merits. And third, the prosecutor argues the circuit court abused its discretion when it granted defendant's motion for reconsideration because defendant did not establish proper grounds for the motion. We agree with the prosecutor that the circuit court abused its discretion when it granted defendant's motion for reconsideration and, because that issue is dispositive of this appeal, we need not address the other two issues raised in the brief.

## A. STANDARDS OF REVIEW

"[W]e review for an abuse of discretion a trial court's ruling on a motion for reconsideration." *People v Blanton*, 317 Mich App 107, 117; 894 NW2d 613 (2016). We also review for abuse of discretion the circuit court's decision on a motion to reinstate an appeal. *Manke v Dep't of Licensing and Regulatory Affairs*, unpublished per curiam opinion of the Court of Appeals, issued December 15, 2022 (Docket No. 358782), p 6.[4] In *Manke*, this Court reviewed such a motion under the abuse of discretion standard. Although the decision is not binding, we find it to be persuasive and adopt it. See *People v Swenor*, 336 Mich App 550, 563 n 7; 971 NW2d 33 (2021).

"A trial court abuses its discretion when it selects an outcome that does not fall within the range of reasonable and principled outcomes." *Blanton*, 317 Mich App at 117 (quotation marks and citation omitted). We review de novo the interpretation and application of the court rules. *People v White*, 337 Mich App 558, 567; 977 NW2d 138 (2021).

## B. DISCUSSION

On appeal, the prosecutor argues that defendant's motion for reconsideration was meritless because the motion asserted that no proof of a filing fee was required under the court rules. Contrary to that assertion, the prosecutor argues that under MCR 7.104(E)(2), an appellant must serve on the "trial court or agency from which the appeal is taken . . . any fee required by law." Moreover, according to the prosecutor, defendant's "motion for reconsideration" was an improper medium to contest the circuit court's order and contends that defendant was required to move to reinstate the appeal under MCR 7.113(A)(2). To that end, the motion defendant did file failed to identify any "mistake, inadvertence, or excusable neglect" as required by MCR 7.113(A)(2).

In response, defendant contends that MCR 7.104, which governs appeals as of right, is inapplicable, and MCR 7.105, which governs applications for leave to appeal, applies instead. To that end, defendant contends that MCR 7.105 does not require that proof of a filing fee be filed and, that once the circuit court granted the application for leave to appeal, "the jurisdiction vests

---

[4] We agree with the prosecutor that the proper vehicle to challenge the circuit court's order was through a motion to reinstate filed under MCR 7.113(A)(2) and that there are no published opinions from this Court addressing the proper standard of review of a decision on a motion to reinstate an appeal.

solely with the circuit court, not the county clerk office." Defendant posits that the prosecutor confused the court rules because "those who are new to doing appeals can be misleading [sic] if it is not read carefully." Lastly, defendant argues that the motion for reconsideration was proper because MCR 7.114(D) allows for such motions in the circuit court.

## 1. MOTION TO REINSTATE OR MOTION FOR RECONSIDERATION

When interpreting court rules, we must "consider[] the rule's plain language." *People v Owen*, 338 Mich App 101, 114; 979 NW2d 345 (2021). "If the plain language is clear, this Court will not engage in further construction or interpretation." *Id.* The rules of MCR 7.101 *et seq.* apply to appeals to the circuit court. MCR 7.101(A). MCR 7.113(A)(1) provides that, "[i]f the appellant fails to pursue the appeal in conformity with the court rules, the circuit court will notify the parties that the appeal shall be dismissed unless the deficiency is remedied within 14 days after service of the notice." Additionally, "[w]ithin 14 days after the date of the dismissal order, the appellant may move for reinstatement by showing mistake, inadvertence, or excusable neglect." MCR 7.113(A)(2).

MCR 7.114(D) states that motions for reconsideration are governed by MCR 2.119(F). However, MCR 2.119(F)(1) addresses "a motion for rehearing or reconsideration *of the decision on a motion . . . .*" (Emphasis added.) The circuit court below entered an order of dismissal because defendant failed to remedy the defect in the prior notice. The circuit court did not enter a decision on a motion, because no motion was filed; rather, the court clerk entered a notice of dismissal that defendant failed to cure. It is evident, therefore, that the circuit court entered its order dismissing the appeal under MCR 7.113(A)(1) ("If the appellant fails to pursue the appeal in conformity with the court rules, the circuit court will notify the parties that the appeal shall be dismissed unless the deficiency is remedied within 14 days after service of the notice."). The gravamen of defendant's motion for reconsideration was a request that the circuit court reinstate his appeal. Therefore, defendant was not moving for reconsideration of the decision on a *motion*; rather, defendant was moving for reinstatement of a *dismissal*. The proper medium was a motion for reinstatement, and the standard for granting such a motion was to show "mistake, inadvertence, or excusable neglect." MCR 7.113(A)(2). Defendant's motion, however styled, failed to demonstrate any such justification.

We turn, therefore, to the question of whether the circuit court was correct in the first instance when it dismissed defendant's appeal.

## 2. PROOF OF FILING FEES

As noted above, defendant contends that MCR 7.105, which governs applications for leave to appeal, does not require that proof of a filing fee be filed when applying for leave to appeal to the circuit court. What defendant fails to recognize, however, is that once the circuit court grants the application, the rules under MCR 7.104—concerning appeals as of right—govern the subsequent proceedings:

> (4) If an application is granted, MCR 7.104 governs further proceedings, except that:

> (a) the filing of a claim of appeal is not required,

> (b) *the appellant must complete the acts required by MCR 7.104(D) and (E) within 7 days after the entry of the order granting leave to appeal*, and

> (c) an appellee may file a claim of cross appeal within 14 days after service of the order granting leave to appeal. [MCR 7.105(E)(4) (emphasis added).]

MCR 7.104(D), in turn, cites a number of documents that must be filed once the application for leave to appeal is granted:

> (D) Other Documents. The appellant shall file the following documents with the claim of appeal:

> (1) a copy of the judgment, order, or decision appealed;

> (2) a copy of the certificate of the court reporter or recorder or a statement that the transcript has been ordered, pursuant to MCR 7.109(B)(3)(a). If there is nothing to be transcribed, the appellant must file a statement so indicating;

> (3) in an agency appeal, a copy of a written request or order for a certified copy of the record to be sent to the circuit court;

> (4) if the appellant has filed a bond, a true copy of the bond;

> (5) proof that money, property, or documents have been delivered or deposited as required by law;

> (6) a copy of the register of actions, if any;

> (7) *proof that the appeal fee of the trial court or agency has been tendered*;

> (8) anything else required by law to be filed; and

> (9) proof that a copy of the claim of appeal and other documents required by this subrule were served on all parties, the trial court or agency, and any other person or officer entitled by law to notice of the appeal. [Emphasis added.]

The documents required under MCR 7.104(D), including "proof that the appeal fee of the trial court or agency has been tendered," must be submitted within seven days after the circuit court grants an application for leave to appeal. MCR 7.105(E)(4)(b).

There is no indication in the record that defendant provided proof that this fee had been tendered. The lower court record shows a proof of service that the transcript of defendant's sentencing hearing was filed in the circuit court, but there is no proof that the appeal fee was tendered. Indeed, the circuit court sent a notice to defendant providing that his appeal was deficient for failing to file "[p]roof that the appeal fee of the Trial Court has been tendered," and it ultimately dismissed for failing to provide this proof. Rather than curing the deficiency, defendant did nothing.

In his motion for reconsideration, defendant advanced a number of arguments; however, noticeably absent was any showing or even an argument of mistake, inadvertence, or excusable neglect. Defendant did not argue that he had in actuality provided proof, that he had overlooked the deficiency, or that there was an excuse for his neglect; instead, he contended that the circuit court was wrong and that the court rules had been complied with. Defendant summarily contended that "[t]he Court Rule [i.e., MCR 7.105] does not require any proof of a filing fee to be filed with the County Clerk's Office." However, this contention ignored the explicit filing and fee requirements of MCR 7.104(D). Defendant seemingly contended that MCR 7.105 governed the entire appeal but, in actuality, that rule only governs the *application* for leave to appeal. Once the appeal was granted, which it was, additional rules applied. See MCR 7.105(E)(4).

Defendant's appeal was deficient for failing to comply with MCR 7.104(D)(7). The circuit court was aware of this and gave notice of the deficiency through its clerk. The circuit court properly dismissed the appeal after defendant failed to remedy the deficiency despite having 14 days to do so. Therefore, based on our review of the record, defendant failed to show mistake, inadvertence, or neglect to justify reinstatement of the appeal, and the circuit court abused its discretion when it granted defendant's motion for reconsideration.

Given our resolution of this issue, we do not address the remainder of the issues raised. Defendant's bond is applicable only so long as his appeal was before the circuit court, and the vacation of his sentence would only be relevant if the appeal had been properly reinstated. Because we conclude that the circuit court improperly reinstated the appeal, the appeal is dismissed, and the bond and vacation of the sentence are no longer at issue.

We reverse the circuit court's reinstatement of defendant's appeal and remand for proceedings consistent with this opinion. We do not retain jurisdiction.

/s/ Thomas C. Cameron
/s/ Kirsten Frank Kelly
/s/ Michael J. Kelly